**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN MORGAN, | No. 08-17063 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00620-LJO-WMW |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 11, 2010 [**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Jonathan Morgan, a paraplegic and former inmate of the California

Department of Corrections and Rehabilitation ("CDCR"), appeals pro se from the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court judgment dismissing his action brought under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021 (9th Cir. 2009). We affirm.

Here, Morgan's complaint does not state a claim of discrimination or retaliation under the ADA, 42 U.S.C. §§ 12132 and 12203(a), because Morgan's conclusory allegations in the complaint are contradicted by his exhibits, which show that CDCR transferred Morgan to the Secure Housing Unit because of Morgan's refusal to comply with prison grooming regulations and to accept an ADA-modified double-bunk cell. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Steckman v. Hart Brewing*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

The district court properly dismissed Morgan's section 1983 claims because CDCR is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

We have considered and reject all other contentions raised on appeal.

**AFFIRMED.**